IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSHUA MEDEIROS, | ) | CIVIL NO. 11-00660 ACK RLP |
| | ) | |
| Plaintiff, | ) | AMENDED FINDINGS AND |
| | ) | RECOMMENDATION THAT PLAINTIFF |
| vs. | ) | BE GIVEN LEAVE TO FILE AN |
| | ) | AMENDED COMPLAINT AND THAT HIS |
| | ) | APPLICATION TO PROCEED WITHOUT |
| UNITED STATES SOCIAL SECURITY | ) | PREPAYMENT OF FEES BE DENIED |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

AMENDED FINDINGS AND RECOMMENDATION THAT PLAINTIFF BE GIVEN LEAVE
TO FILE A SECOND AMENDED COMPLAINT AND THAT HIS SECOND
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

The Findings and Recommendation That Plaintiff Be Given Leave To File an Amended Complaint And That His Application to Proceed Without Prepayment of Fees Be Denied, which was filed on November 7, 2010, is hereby re-titled and amended as follows.

Plaintiff Joshua Medeiros, ("Plaintiff"), proceeding *pro se*, filed a Complaint on October 29, 2011, naming the United States Social Security Administration as Defendant. Docket No. 1. On the same day, Plaintiff filed an Application to Proceed Without Prepayment of Fees. Docket No. 3. On November 7, 2010, this Court issued its Findings and Recommendation That Plaintiff

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Be Given Leave To File an Amended Complaint And That His Application to Proceed Without Prepayment of Fees Be Denied. Docket No. 5.  Before the district court had an opportunity to act on that Findings and Recommendation, Plaintiff filed an Amended Complaint and a Second Application to Proceed Without Prepayment of Fees ("Second Application") on November 15, 2011.

After careful consideration of Plaintiff's Second Application and Amended Complaint, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff leave to file a second amended complaint, DENY Plaintiff's Applications to Proceed Without Prepayment of Fees, and GRANT Plaintiff leave to file another Application if he chooses to file a second amended complaint.

BACKGROUND

Plaintiff filed his original Complaint and first Application to Proceed Without Prepayment of Fees on October 29, 2011.  On November 7, 2011, this Court found that Plaintiff had not alleged facts sufficient to show that he has exhausted his administrative remedies before seeking judicial review as required by 42 U.S.C. § 405(g), the statute that governs judicial review of decisions by the Social Security Administration. Docket No. 5 at 4.  The Court recommended that Plaintiff be granted leave to file an amended complaint after the district court's adoption of the Findings and Recommendation.  Id.  Before

the district court ruled on this Court's Findings and Recommendation, Plaintiff filed his Amended Complaint and Second Application.

Plaintiff's Amended Complaint contains the same allegations related to an overpayment of Social Security disability benefits that were detailed in his original Complaint. See Amended Compl. at 1. Plaintiff alleges that the Social Security Administration improperly reported to credit agencies an overpayment to him of Social Security disability benefits that he never received. Id. at 2-3. Plaintiff alleges that his grandmother fraudulently obtained benefits in Plaintiff's name and that any overpayment was made to his grandmother as payee. Id. at 1-2. Plaintiff asserts that he has repeatedly reported his concerns to the Social Security Administration, but they did not resolve the issue and lost his paperwork on several occasions. Id. Plaintiff contends that he has prevailed in a civil suit against his grandmother. Id. at 2. Plaintiff filed a request for waiver of overpayment with the Social Security Administration. Id. at 2. However, Plaintiff alleges that he received the decision on his request after "the time to appeal in court had passed." Id. at 1. Plaintiffs alleges that he has been wrongfully denied credit because of the Social Security Administration's actions and seeks $5,000 in damages. Id. at 3. Plaintiff also requests an injunction against the Social Security

Administration requiring it to correct its reporting to all credit agencies regarding the improper overpayment. Id.

In his Amended Complaint Plaintiff includes one additional allegation regarding jurisdiction stating that "since SSA is a government agency" he "assume[s] that it is under this court[']s jurisdiction. Amended Compl. at 1. Plaintiff also specifies that the decision that he is challenging "has no date," but that he received it in July 2010. Id. at 2-3. Plaintiff also states that he was told by the Social Security Administration that he "couldn't appeal or get a court date because the time to appeal had expired." Id. at 3. Plaintiff stated that the Social Security Administration would not present his case to an administrative law judge because they told him it was "too late or there is nothing [the Social Security Administration] can do." Id. Plaintiff claims that he has "exhausted any further administrative judicial proceedings." Id.

With his Amended Complaint, Plaintiff also filed a letter to the Court asking for clarification of Rule 8 and jurisdiction. See Docket No. 8. In the letter, Plaintiff states again the because the Social Security Administration is a federal agency, he assumes that the court has jurisdiction. Id. Plaintiff also reiterates that he was not given the opportunity to present his case to an administrative law judge. Id.

Plaintiff's Second Application notes that Plaintiff is

currently employed with the Army National Guard, but he does not provide any information regarding his salary or wages. Appl. at 1. Plaintiff's Second Application states that he receives approximately $333 for school expenses and has $8,000 in his bank account. Id. at 1-2. Plaintiff's Second Application notes that he owns a vehicle and has approximately $7,490 in expenses and other anticipated financial obligations. Id. at 2.

DISCUSSION

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that includes a statement that the litigant is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

However, a court may dismiss a complaint and deny an application to proceed without prepayment of fees at the outset if it appears from the face of the complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v.

5

Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). Additionally, the court may dismiss a complaint for failure to comply with the Federal Rules of Civil Procedure Rule 8. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

Because Plaintiff is appearing pro se in this action, the Court liberally construes his pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003). Additionally, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

The Court has reviewed Plaintiff's Amended Complaint and concludes that it fails to comply with Rule 8 because it does not allege sufficient grounds for the court's jurisdiction. See Fed. R. Civ. P. 8(a)(2). Specifically, Plaintiff has not alleged facts sufficient to show that he has exhausted his administrative remedies before seeking judicial review. See 42 U.S.C. § 405(g); 42 U.S.C. § 405(h) ("No action against the [Social Security

Administration] shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). Under Section 405(h) of the Social Security Act, "[t]he only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." Mathews v. Eldridge, 424 U.S. 319, 327-30 (1976). Section 405(g) provides that judicial review is only available after "any final decision of the Commissioner of Social Security made after a hearing." See also Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (a claimant's failure to exhaust administrative remedies under section 405(g) deprives a district court of jurisdiction). As long as Plaintiff seeks to recover from the Social Security Administration, he must demonstrate that he has exhausted his administrative remedies.

A plaintiff has exhausted his administrative remedies only after: (1) a state agency has made the initial adverse determination on the application for benefits; (2) the plaintiff has sought reconsideration; and (3) the plaintiff has obtained a hearing before an Administrative Law Judge. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900, 404.1503. The Administrative Law Judge's decision does not become final until the plaintiff requests review before an Appeals Council, and the Appeals Council either grants or denies review. 20 C.F.R. § 404.900. After a plaintiff

has exhausted his administrative remedies, he may then seek judicial review within sixty days after receiving notice of the Appeals Council's determination. 42 U.S.C. § 405(g).

Based on the allegations in the Amended Complaint, Plaintiff appears to be challenging an undated waiver decision that he received a copy of in July 2010. Amended Compl. at 2-3. As Plaintiff concedes, he was told by the Social Security Administration that his time to administratively appeal the decision had expired. Id. at 3. Based on Plaintiff's allegations, it appears that the court is without jurisdiction to hear his case. Plaintiff does not allege that he sought reconsideration or obtained a hearing before an Administrative Law Judge within the time allowed under the statute and regulations. See 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900, 404.1503; Amended Compl. at 2-3; Docket No. 8.

Although Plaintiff has now had two opportunities to address the deficiencies in his pleadings and has filed two pleadings attempting to address the jurisdictional issues identified by the court, the Court recognizes that Plaintiff is proceeding *pro se* and should be afforded an opportunity to address the deficiencies identified above, if possible. Accordingly, Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff leave to file a second amended complaint, DENY Plaintiff's Applications to Proceed without Prepayment of Fees,

and GRANT Plaintiff leave to file another Application if he chooses to file a second amended complaint.

CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff leave to file a second amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

2) DENY Plaintiff's Applications;

3) GRANT Plaintiff leave to file another Application if he chooses to file a second amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, NOVEMBER 17, 2011



Richard L. Puglisi
United States Magistrate Judge

**MEDEIROS V. UNITED STATES SOCIAL SECURITY ADMINISTRATION, CIVIL NO. 11-00660 ACK RLP; AMENDED FINDINGS AND RECOMMENDATION THAT PLAINTIFF BE GIVEN LEAVE TO FILE AN AMENDED COMPLAINT AND THAT HIS APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED**