IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSHUA MEDEIROS, | ) | CIVIL NO. 11-00660 ACK RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | THAT PLAINTIFF'S THIRD |
| vs. | ) | APPLICATION TO PROCEED WITHOUT |
| | ) | PREPAYMENT OF FEES BE DENIED |
| | ) | AND HIS SECOND AMENDED |
| UNITED STATES SOCIAL SECURITY | ) | COMPLAINT BE DISMISSED |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S THIRD APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND HIS
SECOND AMENDED COMPLAINT BE DISMISSED[1]

Before the Court is Plaintiff Joshua Medeiros' third Application to Proceed Without Prepayment of Fees ("Third Application"), filed on December 27, 2011. Docket No. 15. Along with his Third Application, Plaintiff filed a document titled "Updated Amended Version," which the Court will construe as a Second Amended Complaint, on December 27, 2011. Docket No. 14. After careful consideration of Plaintiff's Third Application and the pleadings in this case, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Third Application and DISMISS

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

WITHOUT LEAVE TO AMEND Plaintiff's Second Amended Complaint.

BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint on October 29, 2011, naming the United States Social Security Administration as Defendant. Docket No. 1. On the same day, Plaintiff filed his first Application to Proceed Without Prepayment of Fees. Docket No. 3. On November 7, 2011, this Court found that Plaintiff had not alleged facts sufficient to show that he has exhausted his administrative remedies before seeking judicial review as required by 42 U.S.C. § 405(g), the statute that governs judicial review of decisions by the Social Security Administration. Docket No. 5 at 4. The Court recommended that Plaintiff be granted leave to file an amended complaint after the district court's adoption of the Findings and Recommendation. Id. Before the district court had an opportunity to act on that Findings and Recommendation, Plaintiff filed an Amended Complaint and a Second Application to Proceed Without Prepayment of Fees on November 15, 2011. On November 17, 2011, this Court issued its Amended Findings and Recommendation That Plaintiff Be Given Leave To File an Amended Complaint And That His Application to Proceed Without Prepayment of Fees Be Denied, which considered Plaintiff's Amended Complaint and Second Application. Docket No. 9. On December 6, 2011, the district court adopted the Amended Findings and Recommendation, denying

Plaintiff's Second Application and granting Plaintiff leave to file a second amended complaint and another Application. Docket No. 12.

Plaintiff's Second Amended Complaint contains the same allegations related to an overpayment of Social Security disability benefits that were detailed in his original and Amended Complaint. See Second Amended Compl. at 1-3. Plaintiff alleges that the Social Security Administration improperly reported to credit agencies an overpayment to him of Social Security disability benefits that he never received. Id. at 2-3. Plaintiff alleges that his grandmother fraudulently obtained benefits in Plaintiff's name and that any overpayment was made to his grandmother as payee. Id. at 1-2. Plaintiff asserts that he has repeatedly reported his concerns to the Social Security Administration, but they did not resolve the issue and lost his paperwork on several occasions. Id. Plaintiff contends that he has prevailed in a civil suit against his grandmother. Id. at 2. Plaintiff filed a request for waiver of overpayment with the Social Security Administration. Id. at 2. However, Plaintiff alleges that he received the decision on his request after "the time to appeal in court had passed." Id. at 1. Plaintiffs alleges that he has been wrongfully denied credit because of the Social Security Administration's actions and seeks $5,000 in damages. Id. at 3. Plaintiff also requests an injunction

against the Social Security Administration requiring it to correct its reporting to all credit agencies regarding the improper overpayment. Id.

In his Amended Complaint Plaintiff included additional allegations regarding jurisdiction stating that "since SSA is a government agency" he "assume[s] that it is under this court[']s jurisdiction. Amended Compl. at 1. Plaintiff also specified that the decision that he is challenging "has no date," but that he received it in July 2010. Id. at 2-3. Plaintiff also stated that he was told by the Social Security Administration that he "couldn't appeal or get a court date because the time to appeal had expired." Id. at 3. Plaintiff stated that the Social Security Administration would not present his case to an administrative law judge because they told him it was "too late or there is nothing [the Social Security Administration] can do." Id. Plaintiff stated that he has "exhausted any further administrative judicial proceedings." Id.

Plaintiff's Second Amended Complaint states that he "completed and filed for the last time a request for hearing" with the Social Security Administration and has "gotten no response at all." Id. Plaintiff states that he went to the local Social Security Administration office and was told that the Social Security Administration would "waive the remaining balance of [his] account which is around $841.00 dollars fraudulently

owed to them" and was told that he could "take it or fight it on [his] own for the overpayment." Id. Plaintiff states that the Social Security Administration did not address when or if he could be heard by an administrative law judge. Id. Plaintiff states that he has acted with good faith and has requested "numerous times" a hearing with the Social Security Administration. Id. Plaintiff claims that all of his requests have been denied or ignored, therefore he has "exhausted all known remedies." Id. Plaintiff alleges that he because he has "never had the opportunity to appear from an SSA administrative judge" he has proven jurisdiction. Id.

Plaintiff's Third Application notes that Plaintiff is currently employed with the Army National Guard and his wages are $180 per month. Appl. at 1. Plaintiff's Third Application states that he receives approximately $336 for school expenses and has $4,500 in his bank account. Id. at 1-2. Plaintiff's Third Application notes that he has approximately $2,300 in expenses and other anticipated financial obligations. Id. at 2.

## DISCUSSION

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that includes a statement that the litigant is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty

pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

However, a court may dismiss a complaint and deny an application to proceed without prepayment of fees at the outset if it appears from the face of the complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). Additionally, the court may dismiss a complaint for failure to comply with the Federal Rules of Civil Procedure Rule 8. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

Because Plaintiff is appearing pro se in this action, the Court liberally construes his pleadings. See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003). Additionally, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled

6

to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

The Court has reviewed Plaintiff's Second Amended Complaint and concludes that it fails to comply with Rule 8 because it does not allege sufficient grounds for the court's jurisdiction. See Fed. R. Civ. P. 8(a)(2). Specifically, Plaintiff has not alleged facts sufficient to show that he has exhausted his administrative remedies before seeking judicial review. See 42 U.S.C. § 405(g); 42 U.S.C. § 405(h) ("No action against the [Social Security Administration] shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). Under Section 405(h) of the Social Security Act, "[t]he only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." Mathews v. Eldridge, 424 U.S. 319, 327–30 (1976). Section 405(g) provides that judicial review is only available after "any final decision of the Commissioner of Social Security made after a hearing." See also Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (a claimant's failure to exhaust administrative remedies under section 405(g) deprives a district court of jurisdiction). As long as Plaintiff seeks to recover

from the Social Security Administration, he must demonstrate that he has exhausted his administrative remedies.

A plaintiff has exhausted his administrative remedies only after: (1) a state agency has made the initial adverse determination on the application for benefits; (2) the plaintiff has sought reconsideration; and (3) the plaintiff has obtained a hearing before an Administrative Law Judge. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900, 404.1503. The Administrative Law Judge's decision does not become final until the plaintiff requests review before an Appeals Council, and the Appeals Council either grants or denies review. 20 C.F.R. § 404.900. After a plaintiff has exhausted his administrative remedies, he may then seek judicial review within sixty days after receiving notice of the Appeals Council's determination. 42 U.S.C. § 405(g).

Although the Court is sympathetic to the allegations in Plaintiff's Second Amended Complaint, those allegations are insufficient to satisfy the jurisdictional requirements. Plaintiff appears to be challenging an undated waiver decision that he received a copy of in July 2010. Second Amended Compl. at 2-3. As Plaintiff concedes, on multiple occasions he has been told by the Social Security Administration that his time to administratively appeal the decision had expired. Id. at 1, 3. Plaintiff did not seek reconsideration and did not obtain a hearing before an Administrative Law Judge within the time

allowed under the statute and regulations.  See 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900, 404.1503; Amended Compl. at 2-3; Docket No. 8.  Because Plaintiff did not pursue his administrative remedies within the time allowed under the stature and regulations, this Court is without jurisdiction to hear his claims now.

Plaintiff has now had three opportunities to correct the deficiencies in his pleadings and has filed three separate pleadings attempting to address the jurisdictional issues previously identified by the court.  Because Plaintiff has repeatedly failed to state a proper basis for jurisdiction, the Court finds that further amendment of these claims would be futile.  Accordingly, the Court recommends that Plaintiff's Second Amended Complaint be dismissed without leave to amend.  Because the Court finds that the Complaint is deficient, the Court also recommends that Plaintiff's Third Application be denied.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:
1) DENY Plaintiff's Third Application;
2) DISMISS WITHOUT LEAVE TO AMEND Plaintiff's Second Amended Complaint, titled "Updated Amended Version."

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 3, 2012



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**MEDEIROS V. UNITED STATES SOCIAL SECURITY ADMINISTRATION, CIVIL NO. 11-00660 ACK RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S THIRD APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND HIS SECOND AMENDED COMPLAINT BE DISMISSED**