IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| JOSHUA MEDEIROS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civ. No. 11-00660 ACK-RLP |
| UNITED STATES SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER ADOPTING, AS MODIFIED, THE JANUARY 3, 2012 FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S THIRD APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND HIS SECOND AMENDED COMPLAINT BE DISMISSED**

I. BACKGROUND[1/]

As the parties are familiar with the facts and procedural history of this case, the Court will only provide a brief overview of the proceedings most relevant to the current issue before the Court.

On October 28, 2011, Plaintiff Joshua Medeiros, appearing pro se, filed a complaint against Defendant Social Security Administration ("SSA" or the "Administration"). (Docket No. 1.) On the same day, Plaintiff filed an Application to Proceed Without Prepayment of Fees. (Docket No. 3.) On November

---

[1/] The facts as recited in this order are for the purpose of resolving the instant Findings and Recommendations and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

-1-

7, 2011, Magistrate Judge Puglisi found that Plaintiff had not alleged facts sufficient to show that he had exhausted his administrative remedies before seeking judicial review as required by 42 U.S.C. § 405(g), the statute that governs judicial review of decisions by the SSA. (Docket No. 5 at 4.) Magistrate Judge Puglisi recommended that Plaintiff be granted leave to file an amended complaint after this Court's adoption of the Findings and Recommendation. Id. Plaintiff filed his Amended Complaint and Second Application to Proceed Without Prepayment of Fees ("Second Application") on November 15, 2011. (Docket Nos. 6, 7.)

After careful consideration, on November 17, 2011, Magistrate Judge Puglisi issued an Amended Findings and Recommendation that this Court grant Plaintiff leave to file a Second Amended Complaint, deny Plaintiff's Second Application to Proceed Without Prepayment Of Fees, and grant Plaintiff leave to file another Application if he chose to file a Second Amended Complaint. (Docket No. 9.) Subsequently, on December 6, 2011, this Court adopted Magistrate Judge Puglisi's Findings and Recommendation that Plaintiff be given leave to file a Second Amended Complaint and that his Second Application To Proceed Without Prepayment Of Fees be denied. (Docket No. 12.) Plaintiff filed his Second Amended Complaint on December 27, 2011. (Docket No. 14.) On the same day, Plaintiff filed an

Application to Proceed Without Prepayment Of Fees. (Docket No. 15.)

On January 3, 2012, Magistrate Judge Puglisi issued a Findings and Recommendation that Plaintiff's Third Application to Proceed Without Prepayment of Fees be Denied and his Second Amended Complaint be Dismissed (the "1/3/2012 F&R"). (Docket No. 16.) Judge Puglisi recommended that this Court dismiss Plaintiff's Second Amended Complaint without leave to amend. Id. On January 13, 2012, Plaintiff submitted a letter request inquiring whether he may refile his complaint and indicating his intent to appeal the Court's decision. (Docket No. 17.)

On January 17, 2012, Plaintiff filed a written objection to the 1/3/2012 F&R (the "Objection"). (Docket No. 18.) Specifically, Plaintiff objected to Magistrate Puglisi's findings that Plaintiff had not exhausted his administrative remedies. Id. Plaintiff alleged that he has been ignored by the SSA, and that the SSA repeatedly lost Plaintiff's documents. Id. The Objection contained three exhibits: (1) a November 9, 2010 letter from the SSA addressed to Velva Medeiros,[2] informing Velva Medeiros of the reasons why the SSA declined to waive collection of overpayment of Social Security, and advising her of the 60 day time limit to ask for a hearing to contest the

---

[2] In his Amended Complaint, Plaintiff identifies his representative payee for social securities benefits as his grandmother.

decision (unless she can show good reason for waiting more than 60 days); (2) Plaintiff's written request for a hearing by an Administrative Law Judge, dated November 18, 2011; and (3) a March 28, 2007 letter from the SSA informing Plaintiff of an overpayment of Supplemental Security Income money in January 2005, providing information about repaying the amount or alternatively appealing the decision.  (See Docket No. 18, Exs. 1-3.)[3/]

## II.  STANDARD OF REVIEW

**A.      Review of Magistrate Judge's Findings & Recommendation**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.

The district court may accept those portions of the findings and recommendation that are not objected to if it is

---

[3/] Plaintiff has also filed a separate complaint in Medeiros v. Social Security Administration, Civ. No. 12-00026 JMS-KSC, naming Equifax Credit as an additional defendant and citing many of the facts referenced in this Amended Complaint.  (See Docket No. 1.)  Upon finding that the issues and facts are substantially related such that the interests of judicial economy would be best served by assigning the two cases to the same District Judge and Magistrate Judge, this Court issued an order assigning Civ. No. 12-00026 to Judge Alan C. Kay and Magistrate Judge Richard Puglisi.

satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

**B.**      **Special Considerations for a Pro Se Litigant**

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Pembrook v. Wilson, 370 F.2d 37, 39-40 (9th Cir. 1966). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

However, the court may deny a pro se plaintiff leave to amend where amendment would be futile. Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) (citing Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990) (per curiam)); Lucas v. Dep't of Corr., 66 F.3d 245, 248-49 (9th Cir. 1995) (per curiam) (holding that dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigation is given an opportunity to amend); Eldridge, 832 F.2d at 1135-36.

Plaintiff has not requested a hearing, and the Court finds that a hearing in this matter is neither necessary nor appropriate. See D. Haw. Local Rule 7.2(d).

### III. DISCUSSION

The 1/3/2012 F&R recommended that this Court dismiss the Second Amended Complaint without leave to amend, noting, among other things, that "[a]s long as Plaintiff seeks to recover from the Social Security Administration, he must demonstrate that he has exhausted his administrative remedies." (Docket No. 16, at 7-8.) In his January 17, 2012 letter to the Court, Plaintiff objected to Magistrate Judge Puglisi's finding that Plaintiff had not exhausted his administrative remedies. (Docket No. 18.)

Plaintiff's Objection asserts that Plaintiff was "never allowed to appeal in the social security's court" because

Defendant repeatedly sent correspondence to Plaintiff at a non-existent P.O. box, addressed to Plaintiff's grandmother.  Id.  Plaintiff states that he finally received the correspondence from Defendant some time in January 2011 (although the letter was dated November 9, 2010) when he walked over to the Kapolei SSA office, at which point he informed Defendant that the address on file was incorrect.  Id.  Furthermore, Plaintiff states, Defendant never informed Plaintiff that he could write a letter to a judge, fill out a form, and show proof of why he missed the 60-day time period for an appeal; in fact, Plaintiff asserts, he only learned of his right to appeal the decision after Magistrate Judge Puglisi issued a Findings and Recommendation.  Id.

Plaintiff asserts that he filled out an appeal and filed it on November 18, 2011, and since that time has received no response.  Id.  Further, Plaintiff states, employees at Plaintiff's local SSA office claimed they never received Plaintiff's letters or form, even though he was informed by a counselor via telephone a week earlier that she had received the documents.  Id.  Generally, Plaintiff claims, Defendant has continuously lost Plaintiff's documents, and that is the basis for his Objection; as Plaintiff explains, "what else can I do if the defendant is playing unfair."  Id.  Plaintiff states that, in light of Defendant's actions, he is "stuck in [] limbo."  Id.

The Court notes that it has already adopted the 11/17/2011 F&R, in an Order dated December 6, 2011. (See Docket No. 12.) In the 11/7/2011 F&R, Magistrate Judge Puglisi concluded that Plaintiff's complaint failed to comply with Rule 8 because it did not allege sufficient grounds for the Court's jurisdiction. (See Docket No. 9; Fed. R. Civ. P. 8(a)(2).) Specifically, the 11/17/2011 F&R stated, Plaintiff failed to allege facts sufficient to show that he had exhausted his administrative remedies before seeking judicial review. (Docket No. 9; 42 U.S.C. § 405 (g).) As Magistrate Judge Puglisi stated in the 11/17/2011 F&R, in challenging determinations of the SSA, judicial review is only available to a plaintiff after "any final decision of the Commissioner of Social Security made after a hearing." (Docket No. 9 (citing Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (a claimant's failure to exhaust administrative remedies under § 405(g) deprives a district court of jurisdiction).)

The administrative review process involves the following steps: (1) a state agency has made an initial adverse determination on the claimant's application for benefits; (2) the claimant has sought reconsideration; (3) the claimant obtains a hearing before an Administrative Law Judge ("ALJ"); and (4) the ALJ's decision becomes final after the claimant requests review before an Appeals Council, and the Appeals Council either grants

or denies review.  See 20 C.F.R. § 404.900.  After the plaintiff has completed these four steps in the administrative review process, the agency is considered to have made its final decision, and the plaintiff may request judicial review by filing an action in a Federal district court.  The statute explicitly provides: "If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review."  Id.[4/]  The authority to decide whether good

---

[4/]   The applicable statute provides:

In determining whether you have shown that you had good cause for missing a deadline to request review we consider –

(1) What circumstances kept you from making the request on time;

(2) Whether our action misled you;

(3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

(4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 404.911.  Examples of circumstances where good cause may exist include:  (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person;(2) there was a death or serious illness in your immediate family;(3) Important records were
(continued...)

-9-

cause reasons exist to permit the granting of an extension of time rests exclusively with the Appeals Counsel of the SSA. See Ensey v. Richardson, 469 F.2d 664 (9th Cir. 1972); adopted as Soc. Sec. Rul. 73-45c, 1971-1975 BC 321. Accordingly, a plaintiff's allegations of good cause must be brought to the attention of the SSA, and cannot be properly considered in a subsequent district court appeal. Id.[5]

---

[4] (...continued) destroyed or damaged by fire or other accidental cause;(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods;(5) you asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeal Council review or filed a civil suit;(6) we gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit;(7) you did not receive notice of the determination or decision;(8) you sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired;(9) unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely. 20 C.F.R. § 404.911.

[5] See also Milner v. Sullivan, 956 F.2d 1167 (9th Cir. 1992)("A claimant's failure to exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) deprives the district court of jurisdiction."); Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (after plaintiff filed a pro se civil action challenging the SSA's actions, and had failed to first appeal the SSA's notification that he had been overpaid disability benefits, the Ninth Circuit held that the district court did not err in dismissing his complaint for lack of subject matter jurisdiction; claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprived the district court of jurisdiction).

Plaintiff has also failed to satisfy any of the limited exceptions to the exhaustion requirement. Exhaustion may be waived by the Secretary. <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766-67(1975). Here, based upon the facts presented in Plaintiff's Second Amended Complaint, there is no basis to determine that the Secretary has waived appellant's exhaustion requirement.

Further, Courts may waive exhaustion when "cases . . . arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987) (citing <u>Mathews v. Eldridge</u>, 424 U.S. 319, 330 (1976)). A district court will waive the exhaustion requirement if, and only if, the claimant satisfies a three-part test: "[t]he claim at issue must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

Here, the Court cannot conclude that Plaintiff satisfies this three part test. The claim at issue is not collateral to Plaintiff's substantive claim of entitlement to benefits, but rather is inextricably tied to that substantive claim. Accordingly, based upon the facts presented in the Second Amended

-11-

Complaint, Plaintiff has failed to satisfy the three-part test and is not eligible for waiver of the exhaustion requirement in this district court proceeding.  See Bass v. Social Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989).[6]

Upon de novo review of Judge Puglisi's findings and recommendation as they relate to Plaintiff's alleged failure to exhaust his administrative remedies, this Court concurs with Magistrate Judge Puglisi's conclusion; Plaintiff has failed to assert a proper basis for jurisdiction because he has not established that he exhausted his administrative remedies, as required pursuant to 42 U.S.C. § 405(g).  Indeed, Plaintiff has conceded that he was told by the SSA that his time to administratively appeal the decision had expired.  (Second Amended Compl. at 1, 3.)  Further, the Plaintiff failed to seek reconsideration and did not secure a hearing before an Administrative Law Judge within the required statutory time frame. See 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900, 404.1503.

---

[6] See also Haworth v. Astrue, No. EDCV 08-1192-SJO (RC), 2009 WL 1393678 (C.D. Cal. May 14, 2009) (held: district court lacked subject matter jurisdiction over claimant's complaint because claimant failed to exhaust available administrative remedies regarding application for disability benefits, and failed to meet the three-part test to establish a "good cause" exception).

The Court further concludes that there is no clear error in any of Magistrate Judge Puglisi's other conclusions in the 1/3/2012 F&R to which Plaintiff has not objected.

Generally, "dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir.2009) (internal quotation marks omitted). "But courts have discretion to deny leave to amend a complaint for futility, and futility includes the inevitability of a claim's defeat on summary judgment." Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir.1987) (citations and internal quotation marks omitted).

The Court notes that Plaintiff has failed to allege a proper basis for jurisdiction after three separate attempts, and it appears any further attempts may be futile. However, the Court is sympathetic to Plaintiff's allegations, specifically those concerning the SSA's apparent repeated failure to provide accurate information or properly file Plaintiff's documents. Accordingly, in light of Plaintiff's pro se status, the Court dismisses Plaintiff's Second Amended Complaint with leave to amend.

This Order details the deficiencies in Plaintiff's Second Amended Complaint. Should Plaintiff desire to pursue this case further, he is directed to consider the Order carefully in crafting his Third Amended Complaint. The Court notes that the

assistance of counsel should aid Plaintiff in correcting the defects in the Complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court (1) ADOPTS, AS MODIFIED, the 1/3/12 F&R, (2) DENIES Plaintiff's application to proceed without prepayment of fees; and (3) DISMISSES the Second Amended Complaint with leave to amend. In the event Plaintiff wishes to file a Third Amended Complaint, he must do so within 30 days from the date of this Order; failure to do so will result in automatic dismissal of this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 27, 2012.

_____
Alan C. Kay
Sr. United States District Judge

Medeiros V. United States Social Security Administration, Civ. No. 11-00660 ACK-RLP: Order Adopting, As Modified, The January 3, 2012 Findings and Recommendation That Plaintiff's Third Application To Proceed Without Prepayment Of Fees Be Denied And His Second Amended Complaint Be Dismissed.